## Case No. 7,867.
### KLEIN v. KLOMAN.
[See Case No. 7,868.]

KLEIN (KONOLD v.). See Case No. 7,925.

KLEIN (McLEAN v.). See Case No. 8,884.

## Case No. 7,868.
### KLEIN v. PARK et al.
[3 Ban. & A. 145;[1] 13 O. G. 5.]

Circuit Court, W. D. Pennsylvania. Nov. 23, 1877.

PATENTS—NOVELTY.

1. The patentee's invention consisted in supplying dies of novel construction and form, and so adapted to forming the eyes of picks by a new method, and in combining with the old steps, in forming the eyes of picks, a new element, viz.: the drawing them down on a mandrel between rolling dies which completely encompass the walls of the eye, this process resulting in the elonga-

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

tion of the walls of the eye as may be desired, with uniform thickness. and the complete formation of the eye by the process of rolling alone. leaving only finishing to be performed: *Held*, that this last step in the process of manufacture is new, and impresses upon the whole method the character of novelty.

2. The differences between the defendants' dies and those of the complainant are merely formal, defendants having submitted two dies at the sides, which are the equivalents of the side walls of the complainant's dies.

3. Reissued letters patent No. 6.951 granted to J. C. Klein, February 29th, 1876, *held* valid.

This was a suit [by John C. Klein against Kloman Park and others] for the infringement of reissued letters patent No. 6,951, granted to complainant February 29th, 1876. [The original letters patent, No. 146,597, were granted to the complainant January 20, 1874.] The claims were for "(1) The within-described method of forming the eye of picks, consisting in first punching the bar; second, in setting down the metal on either end around the eye; and, lastly, drawing down on a mandrel between rolling-dies, substantially as described and shown. (2) The dies E, constructed as described, for drawing down the eye, substantially as shown."

George H. Christy and J. J. Coombs, for complainant.

Bakewell & Kerr, for defendants.

McKENNAN, Circuit Judge. The complainant's patent contains two claims, both of which the defendants are alleged to have infringed. The first is for the method described in the specification of forming the eye of picks, consisting in, first, punching the bar; second, in setting down the metal on either end around the eye; and, lastly, drawing down on a mandrel between the rolling-dies, substantially as described and shown.

The second is for the dies by which this method is in part effectuated, constructed as described, for drawing down the eye, substantially as shown. The original and distinguishing merit of the patentee's invention consists in supplying dies of novel construction and form, and so adapted to forming the eyes of picks by a new method, and in combining with the old steps in forming the eyes of picks a new element—to wit, drawing them down on a mandrel between rolling-dies, which completely encompass the walls of the eye. The result is the elongation of the walls of the eye as may be desired, with uniform thickness, and the complete formation of the eye by the process of rolling alone, leaving only such further manipulation as may be necessary to give finish to the device.

Under the proofs in this case, this last step in the process of manufacture is new. and. therefore, impresses upon the whole method the character of novelty. The only process set up to controvert this was practised upon what is called the "Root" machine at the Collins Company's works in Collinsville, Connecticut, before the date of complainant's patent. But it is evident that that machine did not perform the complete operation indicated in the first claim of the patent here, nor was it capable of performing it. The walls of the eye were undoubtedly drawn out upon a mandrel by the dies used in it; but they did not encompass or envelop the walls, nor, when their function was exhausted, did they form an eye whose walls were of uniform thickness. The eye was left thicker at the ends than at the sides, and it was, therefore, necessary to reduce this inequality by an additional and independent method. This is apparent, not only from the construction of the dies themselves, and the device produced by them, but from the proofs as to the manner of their use and the result of their operation.

Nothing, then, appears in the case to warrant any doubt as to the complainant's title. Upon the question of infringement, I think it is clear that the complainant's method of manufacture is employed by the defendants. After punching the iron bar out of which the pick is to be formed. they set down the metal on either side of the eye, and then draw down the eye on a mandrel, between rolling-dies which entirely envelop the walls of the eye, and thus, by one operation, completely form it with the desired elongation, and with walls of uniform thickness.

It is true that the dies used by the defendants are formally different from those described in the complainant's patent; but I am satisfied that they embody all the characteristic features of the complainant's dies. Instead of two dies adapted to effectuate the complainant's method, placed above and below each other, the defendants use dies composed of four parts—top and bottom dies and side dies. The side dies, however, are the obvious equivalents of the side walls of the complainant's dies. They operate in the same way, perform the same function, and produce the same result. The only difference is in the method of their attachment to the upper and lower dies. In the one case the side walls of the principal dies are immediately attached to them; in the other they consist of dies separable from the main ones, but secured in their places by pivots, and when thus in place co-operating with the principal dies precisely as do the side walls of the complainant's top and bottom dies. I am, therefore, of opinion that the complainant's patent is valid, that both its claims have been infringed, and that a decree should be rendered for the complainant.